THE STATE OF OHIO, APPELLEE, *v.* LOCKHARDT, APPELLANT.

(No. C-800739—Decided August 12, 1981.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman* and *Mr. John L. Hanselman,* for appellee.
*Mr. R. Scott Croswell, III,* for appellant.

*Per Curiam.* This cause came on to be

heard upon an appeal from the Court of Common Pleas of Hamilton County.

The defendant-appellant, Herbert Lockhardt, was tried by the court for the unlicensed sale of drugs in violation of R.C. 4729.28. At trial Police Officer Disbennett, describing the offense, testified, "Mr. Caudell [*sic*] handed a tissue to Mr. Caudell." Officer Disbennett further testified that at the time of the arrest appellant, responding to a question by Disbennett, stated that he was not a registered pharmacist in the state of Ohio. After the prosecution rested its case, appellant moved for acquittal under Crim. R. 29 on the basis that the officer's testimony did not reveal that appellant was involved in a drug sale and that the state had not proven the necessary element that appellant was not a pharmacy intern. In response to argument on the motion, the trial court stated that the burden of proving appellant to be a registered pharmacy intern shifted to appellant and indicated that the Disbennett testimony, *supra,* was a slip of the tongue. The court then allowed the prosecution, over objection, to reopen its case and offer testimony that the Disbennett testimony was a misstatement. Officer Disbennett was recalled and testified, "Mr. Lockhardt * * * handed the tissue that contained the pyribenzamine to Mr. Caudell." The Crim. R. 29 motion was thereafter renewed and overruled. Appellant was found guilty, from which this timely appeal was perfected.

Appellant's first assignment of error alleges that the trial court erred when it failed to require the prosecution to prove all of the elements of the offense charged. We agree. R.C. 4729.28 states:

"No person who is not a registered pharmacist or a pharmacy intern under the personal supervision of a registered pharmacist shall compound, dispense, or sell drugs, dangerous drugs, and poisons."

The trial court was in error when it stated that the burden of affirmatively showing appellant to be a pharmacy intern was on appellant. It is clear and well settled that the prosecution had the burden of proving that the appellant was not a registered pharmacist or a pharmacy intern. The very essence of the statute is the lack of a license. See *Cheadle* v. *State* (1855), 4 Ohio St. 477; *State* v. *Dutton Drugs, Inc.* (1965), 3 Ohio App. 2d 118 [32 O.O.2d 204]; *Hale* v. *State* (1898), 58 Ohio St. 676. As stated in *Dutton Drugs, supra,* at page 123, "[w]e are of the opinion that the trial court committed prejudicial error in putting this burden on defendant. * * *"

It is the law of Ohio that where a negative averment is part of the definition of the crime, it must be alleged in the indictment and proved by the requisite degree of proof by the prosecution. The first assignment of error is well taken. The judgment is reversed, and the appellant ordered to be discharged.

The reversal and discharge of appellant renders appellant's second assignment of error moot and it is not, therefore, considered in the decision.

*Judgment reversed.*

PALMER, P.J., DOAN and KLUSMEIER, JJ., concur.